**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone:  (602) 264-1077
Fax:  (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David Diaz and Marisia Diaz, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Health Plan Intermediaries Holdings, LLC, dba Health Insurance Innovations, a foreign corporation, and Everest Reinsurance Company, a foreign corporation, and Linda Thiel, authorized agent for the Defendants,<br><br>Defendants. | Case No.:  CV-18-4240-PHX-SMM<br><br><br>**FIRST AMENDED JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Order of this Court dated June 21, 2019, and Rules 26(f) and 16 of the Fed. R. Civ. P., Plaintiffs David Diaz and Marisia Diaz and Defendants Health Plan Intermediaries Holdings, LLC, dba Health Insurance Innovations, Everest Reinsurance Company, and Linda Thiel, hereby submit their First Amended Joint Case Management Report.

**1.      Rule 26(f) Meeting on July 16, 2019.**

1

a.   John Wilborn attended on behalf of Plaintiffs.

b.   Jordan Plitt attended on behalf of Defendant Everest Insurance Company.

c.   Sharon Urias and Garry O'Donnell attended on behalf of Health Plan Intermediaries Holdings, LLC and Linda Thiel.

Counsel for all parties assisted in developing the Case Management Report.

**2.   List of Parties in Case.**

David Diaz and Marisia Diaz are the plaintiffs.

Everest Insurance Company, Health Plan Intermediaries Holdings, LLC dba Health Insurance Innovations and Linda Thiel are the defendants.

**3.   Nature of Case, Factual and Legal Basis.**

**Plaintiffs**

Defendant Health Plan Intermediaries Holdings, LLC, dba Health Insurance Innovations ("HII") was a foreign corporation involved in the development and sale of insurance products for contracted insurers through a network of third-party licensed insurance agents across the United States. HII was a developer, distributor and administrator of short term medical plans. HII marketed its products to individuals through its own internal distribution network, in addition to using an external network of non-owned third party licensed agents. HII had a wholly owned subsidiary known as American Service Insurance Agency, Inc. ("ASIA").

Defendant, Linda Thiel, was a licensed insurance producer, employed by ASIA. ASIA was, in effect, a captive insurance broker for HII used to market insurance products for HII's financial benefit as part of HII's "internal distribution network." HII marketed, sold, and administered short term medical policies to residents of the State of Arizona, and elsewhere, using an interactive website and call center.  HII further allowed and promoted the conduct of its business within the State of Arizona by entering into an exclusive agreement with an association known as the Med-Sense

Guaranteed Association, authorizing HII to charge and collect fees for membership in the association, which it did. The primary purpose of authorizing HII to enroll new members in Med-Sense was to qualify it to sell mass marketed insurance to the sponsoring group members, which HII did. When HII enrolled members in and sold them insurance, it received all amounts due in connection with the plan, including fees, premiums and third party commissions.

Plaintiffs purchased short term medical policies through Defendant Linda Thiel and HII's captive brokerage, ASIA. The type of insurance sold to Plaintiffs is known as "mass marketed health insurance". When HII enrolled Plaintiffs it charged and collected from them all premiums and fees due. HII refers to these total collections as "premium equivalents". From the premium equivalents, HII would remit "risk premiums" to carriers. Through its online presence in Arizona, HII provided services to Arizona customers, including updating premium information, downloading insurance documents, providing ID cards, canceling policies upon request, and answering questions and offering assistance through an online "member portal". HII provided these same services to Plaintiffs through the online portal.

HII created an online presence in Arizona which by utilizing an interactive website and automated payment process allowed it to offer Arizona residents, including Plaintiffs, one stop shopping for short term medical policies, and managing customer relations post sale, through its member portal, 24 hours a day, seven days a week. Plaintiffs utilized HII's interactive website and online "member portal" to, *inter alia*, answer questions and obtain insurance documents and information about their policies.

In late 2016, Plaintiffs began researching health insurance options online. Plaintiffs contacted HII through its online presence for the purpose of investigating health insurance options through it. HII connected Plaintiff, Marisia Diaz, with Linda Thiel.

3

1    In discussing health insurance issues with the Diaz's, Defendant Thiel advised
2    that she had a plan suited for them with "Life Shield STM". In describing the plan to
3    Plaintiff, Marisia Diaz, Defendant Thiel told her that Plaintiffs need only choose the
4    amount of their deductible and aggregate coverage limit; and that after paying the
5    deductible, all medical expenses would be paid. Plaintiffs relied upon these
6    representations and purchased insurance with Life Shield STM with effective dates of
7    coverage from January 1, 2017 through June 30, 2017. Plaintiffs were never provided a
8    copy of the policy with Life Shield STM. When the coverage under the Life Shield
9    policy ended on June 30, 2017, Defendant Thiel enrolled Plaintiffs for "full" coverage
10   with "Everest" with effective dates of coverage from July 1, 2017 through September
11   30, 2017. Plaintiffs opted for the same terms as applied to the Life Shield policy, a
12   $7,500 deductible with aggregate limits up to $750,000. At no time prior to purchasing
13   the Everest policy were Plaintiffs advised by Defendant Thiel or HII that there were
14   strict limitations on coverage and benefits.

15   On August 18, 2017, Plaintiff, David Diaz, suffered a major heart attack
16   requiring immediate hospitalization and open heart surgery. The medical expenses
17   incurred by reason of Plaintiff, David Diaz's heart attack have not been paid by Everest.
18   On February 12, 2018, Plaintiff, Marisia Diaz, called HII to find out why her husband's
19   bills were not paid and was informed that none of the claims were covered. Plaintiff,
20   Marisia Diaz, thereafter, asked Defendant, Linda Thiel, why the bills had not been paid,
21   who then disclosed to Ms. Diaz for the first time that the plan the Plaintiffs had
22   purchased had severely limited benefits. To date, Plaintiffs are indebted with over
23   $250,000 of unpaid medical bills.

24   But for the mutual representations and omissions of HII and its agent, Defendant,
25   Linda Thiel, Plaintiffs would not have purchased such limited benefits insurance.
26   Plaintiffs have been damaged by the actions of these Defendants.

4

**Defendant Everest Insurance Company**

This matter involves the sale of two short term insurance health plan policies, underwritten through Everest Reinsurance Company ("Everest Policies"), by HPIH and its agent Linda Thiel to David and Marisia Diaz. Everest denies that it is liable for consumer fraud or negligent misrepresentation with respect to the sale of the Everest Policies. Furthermore, Everest denies that Plaintiffs are entitled to additional coverage under the doctrine of reasonable expectations. Everest Policies are unambiguous and can be interpreted and understood according to the plain language of the terms and conditions. Everest asserts it exercised reasonable care and competence in obtaining and communicating information to Plaintiffs and that Plaintiffs were reasonably informed of the limitations on coverage and benefits, including, but not limited to, on its applications and certificates, which expressly stated the Everest Policies' benefits were not intended to qualify as the minimum essential coverage required by the Affordable Care Act and not designed to cover all medical expenses and is not a major medical or comprehensive healthcare policy. Everest denies that Plaintiffs are entitled to recover against it through any legal theory.

The Everest Policies are short term benefit plans and are not intended or designed to cover all medical expenses. They are not major medical or comprehensive healthcare policies. Further the Everest Policies not intended to qualify as the minimum essential coverage as required by the Affordable Healthcare Act. This information and language was clearly indicated on the application itself which both Mr. and Mrs. Diaz signed on or around June 1, 2017. This information and language was also clearly communicated on the certificates issued to Plaintiffs.

**Defendants Health Plan Intermediaries Holdings, LLC and Linda Thiel**

5

Defendants HPIH and Linda Thiel have answered the Second Amended Complaint and have asserted various affirmative defenses. (Docs. 37 and 39) HPIH is a cloud-based technology platform and distributor of affordable individual and family health insurance plans which include short-term medical insurance plans, guaranteed-issue and underwritten health benefit insurance plans. HPIH is not an insurer and does not process or pay claims. The health insurance products are developed and underwritten by third-party insurance carriers with whom HPIH has no affiliation apart from contractual relationships. HPIH assumes no underwriting, issuance or reimbursement risk. HPIH receives all amounts due in connection with the plans administered on behalf of the service providers. From these premium equivalents, HPIH remits risk premiums to carriers in amounts earned by discounted benefit plan providers, and these third-party obligors are the ultimate parties responsible for providing insurance company or discount benefits to members.

This suit arises as a result of medical claims submitted pursuant to policies of insurance alleged to have been purchased by Plaintiffs and issued by Everest. During the alleged coverage period, Plaintiff David Diaz underwent medical procedures. Plaintiffs submitted the medical bills for payment to Everest's claims administrator, either Everest or Allied National. HPIH and Ms. Thiel are unaware at this stage of the litigation whether Plaintiffs' medical bills were paid consistent with the terms, conditions, limitations and exclusions of the subject policies; however, Ms. Thiel's representations as to those characteristics were accurate.

American Service Insurance Agency LLC ("ASIA") is a wholly-owned subsidiary that was acquired by HPIH and employs Ms. Thiel as a W-2 employee. Ms. Thiel does not specifically recall the telephone calls with Plaintiffs; however, Ms. Thiel's interactions with consumers are based on scripted information. Her routine practice is to adhere to the language of the scripts provided. These scripts contradict the

substance of Plaintiffs' allegations. Further, the policy applications provided to, received by, and electronically signed by Plaintiffs at their email address during the application process clearly and in bold and/or uppercase typeface set forth the nature of the coverage being purchased. Plaintiffs nevertheless allege that additional policy benefits are owed based on representations made during the application process. Ms. Thiel categorically denies Plaintiffs' allegations as refuted by the electronically-signed policy applications themselves. Plaintiffs were sent each and every policy application to review for confirmation of understanding prior to their electronic signature and submission to the carrier.

Moreover, the issued policies, which were available for Plaintiffs to review at all times subsequent to their purchase, equally clearly evidenced the terms, conditions, limitations, and exclusions of those policies, including what was and was not covered, and the policies' applicable limits. Information provided to Plaintiffs during the application process was accurate. With respect to each of the policies, Plaintiffs were sent a link that enabled them to review the full terms of the policies at any time, and at their convenience. Plaintiffs were fully apprised of the characteristics of their policies, including their terms, conditions, limitations, exclusions and limits, and were provided with the ability and time, over each of the policy periods, to review the details of the policies.

**4.      Jurisdictional Basis of the Case.**

Diversity of citizenship, 28 U.S.C. § 1332.  Plaintiffs are citizens of the State of Arizona.  Defendant HPIH is, and was at the time of the filing of the Complaint, a Delaware limited liability company with its principal place of business in Florida, and none of the members of HPIH is, or was at the time of the filing of the Complaint, a citizen of Arizona. Defendant Everest is, and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in New Jersey.

Defendant Thiel is, and was at the time of the filing of the Complaint, a resident of Texas. Plaintiffs seek in this action more than $75,000, exclusive of interest and costs. HPIH has asserted lack of personal jurisdiction as a defense.

**5.     Parties that have not been Served or have not Filed an Answer.**

   None.

**6.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings).**

   None.

**7.     Dispositive or Partially Dispositive Issues and Legal Issues.**

   Plaintiffs – At this time, Plaintiffs do not contemplate filing any motions.

   Defendant Everest – Everest anticipates filing motion(s) for summary judgment with respect to Everest's conduct and liability for the consumer fraud, negligent misrepresentation, reasonable expectations, and punitive damages claims.

   Defendants HPIH and Linda Thiel contemplate filing dispositive motions for summary judgment on issues that include the viability of Plaintiffs' claims and the affirmative defenses raised.

**8.     Whether the Case is Suitable for Reference to a Magistrate Judge for a Settlement Hearing or Trial.**

   Defendants HPIH and Linda Thiel believe this case is suitable for reference to a United States Magistrate Judge for a settlement conference.

**9.     Status of Other Related Cases Pending Before Other Judges or Courts.**

   There are no other related cases pending before other judges of this Court or other courts.

**10.    Issues Related to Discovery of Electronically Stored Information.**

   None.

**11.    Issues Related to Claims of Privilege or Work Product.**

None.

**12.    Federal Rule of Evidence 502(d)**.

Defendants HPIH and Linda Thiel believe that an Order under Fed. R. Evid. 502(d) should be entered.

**13.    Compliance with MIDP.**

Plaintiffs served their Mandatory Initial Disclosure Statements on January 17, 2019. (Doc. 23) Defendant Everest Insurance Company served their Mandatory Initial Disclosure Statements on January 22, 2019. (Doc. 24) Defendant Linda Thiel served her Mandatory Initial Discovery on February 1, 2019. (Doc. 25) Defendant HPIH served its Mandatory Initial Discovery on July 3, 2019. (Doc. 41)

**14.    Necessary Discovery.**

**a.  The extent, nature, and location of discovery anticipated by the parties**

**Plaintiffs:**

Plaintiffs intend on taking the deposition of Linda Thiel and other representatives of HPIH/HII and ASIA. Plaintiffs also intend to take the depositions of claims representative(s) at Everest Insurance who handled Plaintiffs' claim, their supervisor(s), and 30(b)(6) designees of the company regarding claims handling.  Plaintiffs will also take the depositions of Defendants' expert(s), if any. Plaintiffs will likely propound written discovery.

**Defendant Everest Insurance:**

Everest intends on taking the depositions of Plaintiffs, engaging in discovery related to Plaintiffs' expectations with coverage both before and while insured with Everest, and propounding written discovery.  Everest anticipates discovery regarding Plaintiffs' prior and subsequent health insurance coverage and applications.  It may also require additional depositions and discovery with respect to Plaintiffs' expert(s) and any

damages being sought.

Because Plaintiffs' Complaint involves only claims for consumer fraud and negligent misrepresentation with respect to Ms. Thiel's and HPIH's representations of coverage, any discovery proposed by Plaintiffs with respect to Everest's claims handling is not proportional to the needs of the case and should not be allowed. Plaintiffs have not asserted breach of contract or bad faith claims against Everest.

**<u>Defendants Health Plan Intermediaries Holdings, LLC and Linda Thiel:</u>**

Defendants HPIH and Linda Thiel intend to take the depositions of Plaintiffs, treating physicians, and experts, and will propound written discovery.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

The parties have no suggested changes to the discovery limitations at this time.

**c. The number of hours permitted for each deposition**

The parties agree to limit depositions to 7 hours, unless extended by agreement of the parties.

**15.    Proposed Deadlines.**

(a)    Completion of all Fact Discovery and Disclosure under Federal Rule of Civil Procedure 26(a)(3).                                          **April 10, 2020**

(b)    Expert Opinion Disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C):

| | |
|---|---|
| Plaintiffs' Experts | **December 6, 2019** |
| Defendants' Experts | **January 10, 2020** |
| Rebuttal Expert | **February 14, 2020** |

(c)    Completion of Expert Depositions                  **March 20, 2020**

(d)    Face-to-face good faith settlement efforts      **April 24, 2020**

(e)    Dispositive Motions                                       **May 29, 2020**

10

**16.    Jury Trial.**

A jury trial has been requested and is not contested.

**17.    Settlement Prospects.**

Prospects for settlement are unknown.

**18.    Other Matters That Will Aid the Court and Parties in Resolving This Case in a Just, Speedy, and Inexpensive Manner Pursuant to Federal Rule of Civil Procedure 1.**

None at this time.

DATED this 30th day of July, 2019.

SURRANO LAW OFFICES


By:___s/ Charles J. Surrano_____
       Charles J. Surrano, III
       John N. Wilborn
       Attorneys for Plaintiff

THE CAVANAGH LAW FIRM


By:___s/ Thimothy Hyland_____
       Timothy Hyland
       Jordan R. Plitt
       Attorneys for Defendant
       Everest Reinsurance Company

GREENSPOON MARDER LLP


By:___s/ Sharon A. Urias_____
       Sharon A. Urias
       Garry W. O'Donnell (*Pro Hac Vice*)
       Attorneys for Defendants
       Health Plan Intermediaries Holdings,
       LLC and Linda Thiel

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sharon A. Urias
GREENSPOON MARDER LLP
8585 E. Hartford Drive, Suite 700
Scottsdale, AZ 85255
sharon.urias@gmlaw.com
azdocket@gmlaw.com

Garry W. O'Donnell (*Pro Hac Vice*)
GREENSPOON MARDER LLP
2255 Glades Road, Suite 400-E
Boca Raton, FL 33431
garry.odonnell@gmlaw.com

Attorneys for Defendants
Health Plan Intermediaries Holdings, LLC
and Linda Thiel

Timothy Hyland
Jordan R. Plitt
THE CAVANAGH LAW FIRM
1850 N. Central Avenue, Suite 2400
Phoenix, AZ 85004-4527
thyland@cavanaghlaw.com
jplitt@cavanaghlaw.com
Attorneys for Defendant
Everest Reinsurance Company

s/ Christina Palmer